### 4028. WILLIAMS *et al. v.* THE STATE.

Under the facts of this case, the showing as to newly discovered evidence required a new trial.

DECIDED APRIL 2, 1912.

Accusation of gaming; from city court of Reidsville—Judge Collins. December 12, 1912.

*H. H. Elders,* for plaintiff in error.

POTTLE, J. There was but one witness for the State. His testimony was that he saw all of the plaintiffs in error playing cards for money on the last Sunday in April at a certain sawmill, and that two other men accompanied him to the mill and saw the game in progress. Three men of apparently good standing in the community testified positively that the character of the State's witness was bad, and that they would not believe him on oath. A single witness, offered for the purpose of restoring the character of the State's witness, testified that while he would believe the impeached witness, yet that "it is true that his character is partly good and partly bad. Some say it is good and some say it is bad." The newly discovered evidence consisted of an affidavit from the two persons who the State's witness testified accompanied him to the mill and saw the game, to the effect that they did not go to the sawmill with the witness on the Sunday in question, and did not see any of the defendants engaged in a game of cards. The newly discovered witnesses were properly vouched for, and due showing as to diligence was made by the accused and their counsel.

The accused were probably convicted as much upon the well-

known predeliction of members of their race for a game of "skin" on a Sunday afternoon, as upon the testimony of the State's witness, who had been so thoroughly discredited. The newly discovered evidence would have done much to overcome the presumption of guilt which juries generally apply in this class of cases. If it can be shown that this witness, in addition to being generally unworthy of credit, told a deliberate falsehood in reference to the particular transaction under investigation, no jury could afford to rest a verdict of conviction upon his unsupported testimony. The evidence related to a "new and material fact" (Penal Code of 1910, § 1088), and on a second trial would probably produce a different result. Justice demands a new trial.

*Judgment reversed.*