## 5090. MEEKS v. THE STATE.

POTTLE, J. There was but one witness for the State. He testified that the offense was committed in the presence of a person who at the time of the trial was not in the city where the case was being tried, and who lived 18 miles in the country. After verdict, a motion for a new trial was made on the ground of newly discovered evidence. The affidavit of the person mentioned by the State's witness was presented, and contained a statement that he was present on the occasion referred to by the witness, was with the accused during all the time claimed by the State's

·witness, and had ample opportunity of knowing whether the offense was committed at the time and place testified to, and that the accused did not commit the offense with which he was charged. This witness was properly vouched for, and there were also affidavits of the accused and of his counsel that they did not know until after the testimony of the State's witness had been introduced that the State would claim that the offense was committed in the presence of the person mentioned by the State's witness; and that the testimony of this person could not be obtained before the case was concluded, by reason of the fact that he was 18 miles in the country. *Held*, that in view of the fact that the father of the State's witness, who was a minor, was actively aiding the prosecution, and that the son's testimony was the only evidence against the accused, a new trial should have been granted, in order that the accused might have the benefit of the testimony of the person whose affidavit was presented on the hearing of the motion for a new trial. *Williams* v. *State*, 11 *Ga. App.* 21 (74 S. E. 448).

*Judgment reversed.*

DECIDED OCTOBER 28, 1913.

Accusation of misdemeanor; from city court of Carrollton— Judge Beall. April 5, 1913.

*H. C. Strickland, R. W. Adamson,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.